**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEBRA LEE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   11-2083 (RC) |
| | : | |
| v. | : | Re Document No.:   29 |
| | : | |
| HARTFORD LIFE & ACCIDENT | : | |
| INSURANCE COMPANY *et al.*, | : | |
| | : | |
| Defendants. | | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Debra Lee brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, claiming that her insurance company—The Hartford Life and Accident Insurance Company—wrongfully denied her claim for disability benefits. In her motion for partial summary judgment, the plaintiff asks whether she may supplement the record with documents that were not in the record at the time Hartford denied her claim. Ordinarily, the record is confined to "the evidence presented to the plan administrators, not . . . a record later made in another forum." *Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998). This case is no different. Accordingly, the court will deny the plaintiff's motion.

### II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Through her former employer, Debra Lee was enrolled in an insurance plan that covered claims for disability benefits. Am. Compl. ¶ 6. Hartford is the claims administrator[1] and insurer for the plan. *Id.* ¶ 7. Ms. Lee alleges that she suffers from several medical conditions that render her disabled under the insurance contract, thereby entitling her to receive disability

---

[1] The claims administrator is the entity that determines whether employees are eligible to receive benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008).

benefits. *Id.* ¶¶ 10–11. She began receiving such benefits in 2007. *Id.* Two years later, based on a change in the contractual definition of "disabled," Hartford concluded that Ms. Lee no longer met the policy's definition of "disabled" and thus denied her claim for continued payments. *See id.* ¶¶ 9, 12; Pl.'s Mot., Ex. 1. In early 2010, Ms. Lee internally appealed Hartford's decision. Am. Compl. ¶ 12; Pl.'s Mot., Ex. 3. When reviewing her appeal, Hartford solicited the views of a medical professional, Dr. Ephraim Brennan. Def.'s Opp'n at 2. After reviewing the evidence, Hartford denied Ms. Lee's appeal. Pl.'s Mot., Ex. 3. Hartford did not give Ms. Lee the opportunity to review or rebut Dr. Brennan's report before deciding her appeal. Pl.'s Mot. at 3; Def.'s Opp'n at 3.

Ms. Lee brought suit under 29 U.S.C. § 1132(a), alleging that Hartford's internal appeals process was unfair and that Hartford suffers from a conflict of interest. Now before the court is the plaintiff's motion for partial summary judgment, in which she asks the court to supplement the record with additional documents (rather than for partial judgment in her favor). *See* Pl.'s Reply at 14, 15 (requesting an opportunity to respond to Dr. Brennan's report). Accordingly, the court construes the motion as a motion to supplement the record.

### III. ANALYSIS

#### A. Legal Framework

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983); *see also* 29 U.S.C. § 1001(b) (noting that ERISA was enacted "to protect . . . employee benefit plans and their beneficiaries"). Among those plans regulated by ERISA are employer-sponsored welfare plans that provide "benefits in the event of . . . disability," 29 U.S.C. § 1002(1), such as the plan that Hartford administered for Ms. Lee's benefit.

ERISA requires that a plan administrator follow certain procedures if it denies a claim for benefits. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 539 (5th Cir. 2007). "These procedures are set forth in 29 U.S.C. § 1133 and the regulations promulgated by the Department of Labor thereunder." *Id.*

After the administrator denies the individual's claim, the administrator must provide the claimant with notice of the decision. 29 C.F.R. § 2560.503-01(g)(1) ("[T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination."). Thereafter, the claimant must be provided with a "full and fair opportunity" to appeal the decision internally. *See* 29 U.S.C. § 1133(2) (requiring that employee benefit plans must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."); 29 C.F.R. § 2560.503-1(h)(1)("Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.").[2]

If the administrator ultimately denies the appeal, the regulation requires a second round of disclosures. Thus, the administrator must disclose the specific reason for the decision, the specific plan provisions upon which the decision is based, an indication that the claimant is entitled to receive all records that are relevant to the claim, and a notification that the claimant

---

[2] Although the Supreme Court has not definitively concluded as much, most circuits agree that this administrative remedy must be exhausted before a plaintiff may file suit in federal court. *Commuc'ns Workers of Am. v. Am. Telephone & Telegraph Co.*, 40 F.3d 426, 431 (D.C. Cir. 1994); *see also LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S. Ct. 1020, 1027 (2008) (Roberts, C.J., concurring) (noting that most circuits have found the exhaustion of administrative remedies requirement, but leaving the issue unsettled).

has a right to file another internal appeal (if the policy so provides) or to bring a civil action under 29 U.S.C. § 1132(a). *Id.* § 2560.503-1(j)(1)–(4).

In sum, the relevant regulation mandates the disclosure of relevant documents at two discrete points: (1) "relevant documents generated or relied upon during the initial claims determination must be disclosed prior to or at the outset of an administrative appeal," *Metzger v. UNUM Life Ins. Co. of Am.*, 476 F.3d 1161, 1167 (10th Cir. 2007) (citing 29 C.F.R. § 2560.503-1(h)(2)(iii)), and (2) "relevant documents generated during the administrative appeal—along with the claimant's file from the initial determination—must be disclosed after a final decision on appeal," *id.* (citing 29 C.F.R. § 2560.503-1(i)(5)).

**B. Section 2560.503-1(h)—Which Requires Administrators to Provide Claimants with a "Full and Fair Review of the Claim"—Did not Require Hartford to Provide the Plaintiff with a Copy of Dr. Brennan's Report Before It Decided Her Internal Appeal**

The plaintiff's motion presents a narrow legal question. The parties agree that Hartford was required to provide Ms. Lee with a copy of Dr. Brennan's report, which was generated during her appeal of Hartford's initial denial of her claim to benefits. But they disagree on the timing: the plaintiff argues that she was entitled to receive a copy *before* her internal appeal was decided so that she could respond, otherwise the appeal cannot be considered "full and fair." Hartford argues that it was required to turn over the report *after* it denied Lee's appeal. The court agrees with Hartford.

Any discussion of the timing of the disclosure issue would be incomplete without first mentioning *Pettaway v. Teachers Insurance and Annuity Association of America*, 644 F.3d 427, 436 (D.C. Cir. 2011). Like Ms. Lee, the plaintiff in *Pettaway* argued that her claim to disability benefits was unfairly terminated. *Pettaway v. Teachers Insurance and Annuity Association of America*, 699 F. Supp. 2d 185, 207 (D.D.C. 2010). The plaintiff pursued an internal appeal with the company, but was unsuccessful. The policy administrator denied her appeal, in part due to a

doctor's report that was generated during the internal appeals process. *Id.* Like Ms. Lee, the plaintiff in *Pettaway* argued that she should have been provided with an opportunity to rebut the report's findings before the appeal was decided. The district court rejected this argument, concluding that she had no right to review the medical report before the administrator ruled on her appeal. *Id.* ("[B]ecause Dr. Lindquist's report was the last report completed before her claim was denied in March 2005, the plaintiff contends that she never had the opportunity to respond to that report with her own evidence and therefore should have been afforded another appeal. This argument has been rejected by a number of courts."). The Circuit affirmed the decision, although it provided an analysis that is slightly different than the arguments in this case.[3]

Although the D.C. Circuit's opinion in *Pettaway* is not directly on point to Ms. Lee's claim—that she was entitled to review and rebut Dr. Brennan's report before her appeal was decided—every other circuit to consider the issue has squarely rejected her argument. *See Shedrick v. Marriott Intern., Inc.*, 2012 WL 6199987, at \*7 (5th Cir. Dec. 12, 2012) ("Further, there does not appear to be relevant case law or regulations for the proposition that Aetna violated ERISA's full and fair review requirement by failing to consider evidence submitted after Shedrick's appeal was closed or by not allowing Shedrick to rebut the report by Dr. Wallquist."); *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 896 (8th Cir. 2009) ("[T]he full and fair review to which a claimant is entitled . . . does not include reviewing and rebutting, prior to a determination on appeal, the opinions of peer reviewers solicited on that

---

[3]   In *Pettaway*, the Circuit considered a slightly different argument: if the company's internal appeal was based on new evidence (i.e., the medical report of a third-party examiner), could this be construed as a "new" denial of the claim? 644 F.3d 427. If so, the company would have to provide the claimant with another opportunity to appeal. The Circuit rejected the argument, rightly noting that this would potentially create an infinite loop of appeals. *Id.* Although the facts are similar to Ms. Lee's case, her argument is cast in different terms.

same level of appeal.");[4] *Glazer v. Reliance Std. Life Ins. Co.*, 524 F.3d 1241, 1245 (11th Cir. 2008) ("Glazer argues that the failure of Reliance to provide her with a copy of the report produced by Hauptman during the pendency of the review of the initial denial of benefits deprived her of a 'full and fair review.' Reliance responds that it was not required to produce the documents it relied upon while it reviewed the initial denial of benefits; the production occurs after a final decision is reached. We agree with Reliance."); *Metzger*, 476 F.3d at 1166 ("In light of the sum procedural requirements of 29 C.F.R. § 2560.503-1 and the Department's explanation of those regulations, we hold that subsection (h)(2)(iii) does not require a plan administrator to provide a claimant with access to the medical opinion reports of appeal-level reviewers prior to a final decision on appeal.").

Notwithstanding this line of precedent, Ms. Lee argues that the "full and fair" internal appeal requirement should be interpreted to include an opportunity to rebut any documents created during the appeal. Yet nothing in the regulations compels this result. In fact, the opposite conclusion may be drawn from the relevant regulatory language: § 2560.503-1 (h)(3)(iii) provides that "in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment . . . the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment." 29 C.F.R. § 2560.503-1(h)(3)(iii). But "[c]onspicuously absent" from this provision "is any requirement that the claimant be given the opportunity to review and rebut the health care professional's conclusion" before the administrator decides the appeal. *Midgett*, 561 F.3d at 895.

---

[4] In *Midgett*, the Eighth Circuit explicitly superseded *Abram v. Cargill, Inc.*, 395 F.3d 882 (8th Cir. 2005), which the plaintiff relies upon in large part. As explained *infra*, the plaintiff's reliance is misplaced because *Abram* interpreted an earlier version of the regulations.

The regulation also states that disclosure is required *after* an internal appeal is denied: *Id.* § 2560.503-1(j)(3) (requiring an administrator to provide "a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits" if it denies a claimant's appeal). This provision would be redundant or superfluous if disclosure was already required beforehand. *Glazer*, 524 F.3d at 1245; *Tyson v. Pitney Bowes Long-Term Disability Plan*, 2009 WL 2488161, at *4 (D.N.J. Aug. 11, 2009).

The plaintiff tries to evade this line of cases by citing to *Abram v. Cargill, Inc.*, 395 F.3d 882 (8th Cir. 2005), but that opinion is no longer good law. *See Midgett*, 561 F.3d at 895 (recognizing *Abram*'s abrogation). The plaintiff in *Abram* brought suit before the Department of Labor amended its regulations in 2000. *Landes v. Intel Corp.'s Long Term Disability Plan*, 2010 WL 3155869, at *3 (N.D. Cal. Aug. 9, 2010) (noting that "the Eighth Circuit has itself recognized that the holding of *Abram* regarding the scope of a full and fair review is no longer applicable in light of amendments to the Department of Labor regulations that were not yet in effect when the claim in that case was decided"). Ms. Lee filed her suit after the new regulations took effect, and *Abrams* is therefore inapplicable.

The plaintiff also cites to precedent suggesting that it would be unfair for an administrator to sandbag the claimant by conjuring some entirely new reason on appeal to justify the denial of her claim. *See Clark v. Feder Semo & Bard, P.C.*, 2012 WL 3340745, at *24 (D.D.C. Aug. 15, 2012); *Laub v. Aetna Life Ins. Co.*, 549 F. Supp. 2d 571 (S.D.N.Y. 2008). But that is not what happened here: Hartford claims that it merely used Dr. Brennan's medical report to reaffirm the accuracy of its initial denial of Ms. Lee's claim based on her failure to meet the new contractual definition of "disabled": *i.e.*, that she was not "continuously unable to engage in any occupation"

for which she was qualified, and that she was able to perform some work. Am Compl. ¶¶ 9, 12. The plaintiff does not contest this sequence of events. If so, there is no reason to assume that Hartford violated ERISA's requirements. *See Pettaway*, 644 F.3d at 436 ("The results of the additional tests and reviews did not provide a new basis for terminating [the plaintiff's] benefits, but merely supplemented its initial reasoning.").

Resolving the plaintiff's motion thus becomes a simple matter. The plaintiff wishes to supplement the record with additional documents, ostensibly because she had the right to do so under the Department of Labor's "full and fair" review requirement. But her right to a "full and fair" review does not entitle her to supplement the record with new documents resulting in an essentially *de novo* review by this court based on a new record. Ordinarily, "[t]he Court's review of a benefits determination 'may only be based on the record available to the administrator or fiduciary at the time the decision was made.'" *Marcin v. Reliance Std. Life Ins. Co.*, 2012 WL 4466785, at *7 (D.D.C. Sept. 28, 2012) (quoting *Crummett v. Metro. Life Ins. Co.*, 2007 WL 2071704, at *3 (D.D.C. July 16, 2007)). This is because the "the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." *Leahy v. Raytheon Co.*, 315 F.3d 11, 18 (1st Cir. 2002). The facts of this case do not compel a different course.

Here, the plaintiff has not shown that Hartford violated her right to a "full and fair" internal review. Because "[c]ourts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum," *Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 493 (D.C. Cir. 1998) (citing *Block v. Pitney Bowes Inc.*,

952 F.2d 1450, 1455 (D.C. Cir. 1992)), the court denies the plaintiff's motion to supplement the record.[5]

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the plaintiff's motion to supplement the record. An order consistent with this memorandum opinion is separately issued this 5th day of March, 2013.

RUDOLPH CONTRERAS<br>
United States District Judge

---

[5] In her reply, the plaintiff alleges that Hartford suffers from a conflict of interest. But this allegation is not relevant to the present motion, which only asks whether the record may be supplemented. Such an allegation could prove relevant, if at all, at a later stage of the litigation, when the court must ultimately determine whether Hartford abused its discretion in denying the plaintiff's claim.